UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZURCHER TIRE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL BOLAND, <br><br> Defendant. | Case No. 1:24-CV-518-CCB-SLC |

### OPINION AND ORDER

Before the Court is Plaintiff Zurcher Tire, Inc. ("Zurcher") and Defendant Michael Boland's ("Boland") joint motion for entry of their Agreed Injunction. (ECF 17). Based on the applicable law, facts, and arguments, the parties' motion is **DENIED**. (ECF 17).

### I.   RELEVANT BACKGROUND

In December 2024, Zurcher brought suit against Boland, its former employee, for misappropriation of trade secrets under the federal Defend Trade Secrets Act and breach of the duty of loyalty and unfair competition under state law. (ECF 1). Zurcher's claims stem from Boland's termination in August 2024 and the alleged misappropriation of Zurcher's trade secrets and confidential information.

On May 5, 2025, the parties filed the instant joint motion for entry of an Agreed Injunction. (ECF 17). The parties' motion appears to be the product of settlement negotiations. The Agreed Injunction enjoins Boland from directly or indirectly working as a sales representative in the same or similar capacity as he was employed by Zurcher

within an area specified as the "Zurcher Territory." (*Id.* at 3). The Agreed Injunction would also prohibit Boland from contacting, soliciting, diverting, or accepting competitive business from any customer or prospective customer of Zurcher that Boland had material contact with during the last year of his employment with Zurcher or obtained confidential information about during his employment. (*Id.* at 4). The Agreed Injunction specifies that Boland can work as a sales representative outside the Zurcher Territory and for 18 specific customers of his new employer, North Gateway Tire, located within the Zurcher Territory. (*Id.*). As proposed, the Agreed Injunction lasts until April 16, 2027. (*Id.*) Through their joint motion, the parties also ask the Court to administratively close this case and indicate that Zurcher will move to dismiss this case with prejudice if there is no non-compliance when the injunction's term ends in April 2027. (*Id.* at 5). Finally, the Agreed Injunction says, "[t]he Court shall retain jurisdiction to enforce the terms of this Agreed Injunction." (*Id.*).

## II.    ANALYSIS

Parties who have settled an active litigation matter have several options to finalize their case. First, a plaintiff can voluntarily dismiss a civil action by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). Rule 41(a)(1)(A)(ii) dismissals effectively deprive the court of jurisdiction when filed. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). Second, a plaintiff can unilaterally move the court to dismiss an action under Rule 41(a)(2). A court will grant a dismissal under Rule 41(a)(2) "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Third, parties may request a court enter a consent

2

decree that reflects an agreement to conclude the litigation. *See United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). A consent decree or judgment is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *Id.* at 934. Consent decrees commit a court to continued supervision of the terms of a contract, which any party to the contract may enforce by returning to the court and initiating contempt proceedings. *See Kasper v. Bd. of Election Comm'rs of the City of Chi.*, 814 F.2d 332, 338 (7th Cir. 1987) (explaining that a consent judgment is "an exercise of federal power, enforceable by contempt"). A consent judgment is a final judgment on the merits and prevents relitigation of the underlying claim. *Arizona v. California*, 530 U.S. 392, 414 (2000); *United States v. Fisher*, 864 F.2d 434, 439 (7th Cir. 1988).

Preliminary injunctions protect both the process and the parties' rights while the case is ongoing. *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). The Agreed Injunction, however, seeks to prohibit Boland from engaging in certain activities while the matter is administratively *closed*, which is more akin to a settlement agreement. (ECF 17-1 at 5). Settlement agreements that contain injunctions "will usually be embodied in a consent decree so that the judge will have continuing jurisdiction to enforce their terms." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002). Thus, despite being labeled an "Agreed Injunction," the parties are essentially requesting that the Court enter a consent decree embodying the terms of their "informal" settlement discussion. (ECF 17 at 1).

Before approving a proposed consent decree, a court must determine that the order is fair, reasonable, adequate, consistent with applicable law, and had "valid consent by the concerned parties." *Bass v. Fed. Sav. & Loan Ins.*, 698 F.2d 328, 330 (7th Cir. 1983) (citing *Metro. Hous. Dev. Corp. v. Vill. Arlington Heights,* 616 F.2d 1006, 1014 (7th Cir.1980)). In reviewing a consent decree, a court need not inquire into the precise legal rights of the parties, nor reach and resolve the merits of the parties' claims. *Metropolitan*, 616 F.2d at 1014. Rather, it is ordinarily sufficient if a court determines whether the consent decree is appropriate under the particular facts of the case. *Id.* A court should also consider the strong policy favoring voluntary settlement of litigation. *Id.*

A consent decree cannot impose obligations on third parties "that did not consent to the decree." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986); *see also United States v. Ward Baking Co.,* 376 U.S. 327 (1964). The consent decree must "spring from and serve to resolve a dispute within the court's subject-matter jurisdiction" and "come within the general scope of the case made by the pleadings." *Cleveland*, 478 U.S. at 525. The court must also determine "that the decree is consistent with the Constitution and laws, does not undermine the rightful interests of third parties, and is an appropriate commitment of the court's limited resources." *Kasper*, 814 F.2d at 338.

The parties' motion and proposed order is deficient for two reasons. First, the motion itself does not argue why the Court should enter the proposed consent decree nor does it explicitly address the three considerations set forth in *Kasper*. Federal courts

4

are "more than a recorder of contracts from whom private parties may purchase injunctions." *Kasper*, 814 F.2d at 338. It is not enough that the proposed consent decree contains information that might help the Court decide whether to issue the proposed consent decree. A motion for the entry of a consent decree, even if agreed to by the parties, must at least briefly explain why the decree is consistent with the Constitution and laws, would not harm the rightful interest of third parties, and is an appropriate commitment of Court resources. *See id.*

Second, the proposed consent decree includes the following jurisdictional statement: "The Court shall retain jurisdiction to enforce the terms of this Agreed Injunction." (ECF 17 at 5). "A settlement agreement, *unless it is embodied in a consent decree* or some other judicial order . . . is enforced just like any other contract." *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) (emphasis added). If a settlement agreement contains an injunction and *is* embodied in a consent decree, however, a court "automatically retains jurisdiction to enforce" it, thus rendering the language retaining enforcement jurisdiction "superfluous." *Fisher*, 864 F.2d at 436. Regardless of whether the injunction is issued pursuant to a settlement, "[n]o one wants an injunction that cannot be enforced, or that can be enforced only by bringing a fresh suit." *McCall-Bey v. Franzen*, 777 F.2d 1178, 1183 (7th Cir. 1985). The language retaining jurisdiction should be omitted from any proposed consent decree.

**III.   CONCLUSION**

For the reasons discussed above, the Joint Motion for Entry of Agreed Injunction is **DENIED**. If the parties choose to not file an amended motion, they may file a Stipulation of Dismissal with prejudice, in which case the Court would not retain jurisdiction to enforce the parties' settlement, but such settlement would thereafter be enforceable as a contract.

SO ORDERED on June 11, 2025.

                                              */s/Cristal C. Brisco*
                                              CRISTAL C. BRISCO, JUDGE
                                              UNITED STATES DISTRICT COURT